PETER W. JAMES, Bar No. 041410
TRACY COLE, admitted *pro hac vice*
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, California 90025-7120
Telephone:   310.820.8800
Facsimile:    310.820.8859
Email:          pjames@bakerlaw.com

*Counsel for Plaintiff*
*Jaco Electronics, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JACO ELECTRONICS, INC., | Case No. C-07-01212 PJH |
| Plaintiff, | |
| v. | **STIPULATION AND [PROPOSED] ORDER** |
| HYNIX SEMICONDUCTOR, INC., et al., | |
| Defendants. | |

Kimball Electronics Tampa, Inc. f/k/a Reptron Electronics, Inc. ("Kimball") and Jaco Electronics, Inc. ("Jaco") (the "Parties"), stipulate and agree as follows:

1. Reptron Electronics, Inc. ("Reptron"), either directly or through its agents and/or affiliates or subsidiaries, purchased various dynamic random access memory semiconductor products, modules and components (collectively "DRAM Products") at various times and in various amounts.

2. Reptron purchased DRAM Products for use in both its electronics components distribution business (the "Distribution Business") and its computer products business (the "Module Business").

3. Pursuant to an Asset Purchase Agreement entered into on May 19, 2003, which closed on June 13, 2003, Jaco acquired certain assets of Reptron including Reptron's electronic components distribution business (the "Distribution Business").

4. In February 2006, Kimball merged with Reptron.

5. On October 3, 2006 Jaco opted out of In re Dynamic Random Access Memory (DRAM) Antitrust Litigation, M-02-1486 PJH (the "DRAM Class Action") on behalf of itself and each of its respective parents, predecessors, successors, subsidiaries, agents, affiliates, partners, acquisitions, assignors, divisions, departments and offices. Reptron, Inc. was identified on Schedule A to Jaco's opt out notice and Jaco intended to opt out the portion of Reptron's assets that it had acquired.

6. On February 28, 2007, Jaco commenced the action Jaco Electronics, Inc. v. Hynix Simconductor, Inc. et al, Case No. C-07-01212 PJH (the "Jaco Action") asserting antitrust claims based on purchases of DRAM, including purchases by Reptron's Distribution Business.

7. Kimball has asserted a claim in the DRAM Class Action, claim number 3010370, based on Reptron purchases of DRAM.

8. A dispute has arisen over distribution of proceeds from the DRAM Class Action related to Reptron purchases of DRAM.

9. On June 23, 2009, Kimball filed a Motion to Intervene in the DRAM Class Action ("Kimball Motion to Intervene") seeking a determination that it is the owner of antitrust claims based on Reptron's purchases of DRAM.

10. On August 26, 2009, Jaco filed a Motion Pursuant to Rule 42 ("Jaco Rule 42 Motion") seeking dismissal of Kimball's motion or, in the alternative, that its motion be consolidated with the partial motion to dismiss pending in the Jaco Action and asserting that it is the owner of any and all claims based on DRAM purchased by Reptron's Distribution Business.

11. Jaco and Kimball have entered into a Settlement Agreement and Release dated December 4, 2009 regarding the ownership of antitrust claims relating to Reptron DRAM purchases.

12. As outlined in the Settlement Agreement, Jaco and Kimball agree that Jaco is the owner of all antitrust claims related to purchases of DRAM by Reptron's Distribution Business, that Kimball asserts no claim to all antitrust claims related to purchases of DRAM by Reptron's Distribution Business, that Jaco has no basis to dispute that Kimball is the owner of all antitrust claims related to purchases of DRAM by Reptron's Module Business, and that Jaco asserts no claim to all antitrust claims related to purchases of DRAM by Reptron's Module Business.

13. Contemporaneously with the Settlement Agreement, the Parties, together with Co-lead counsel for the Direct Purchaser Plaintiffs, entered into a Stipulation that was filed in the DRAM Class Action on December 4, 2009 (Dock. No. 2018).

14. Upon approval of this Stipulation, the Parties agree that the Kimball Motion to Intervene and the Jaco Rule 42 Motion will be terminated with prejudice.

**IT IS SO STIPULATED AND AGREED.**

| | | |
|---|---|---|
| 1 | Dated:   December 8, 2009 | BAKER & HOSTETLER LLP |
| 2 | | |
| 3 | | |
| 4 | | _/s/_ Tracy Cole<br>Tracy Cole |
| 5 | | Counsel for Jaco Electronics, Inc. |
| 6 | | |
| 7 | Dated: December 8, 2009 | BAKER & DANIELS LLP |
| 8 | | |
| 9 | | /s/ Ryan M. Hurley<br>Ryan M. Hurley |
| 10 | | |
| 11 | | Counsel for Kimball Electronics Tampa, Inc. f/k/a Reptron Electronics, Inc. |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**ATTESTATION OF FILING**

Pursuant to General Order 45.X.B, I hereby attest that I have obtained concurrence in the filing of this document from the parties listed above.

/s/ Tracy Cole
Tracy Cole

# [~~PROPOSED~~] ORDER

PURSUANT TO THE STIPULATION OF THE PARTIES, IT IS HEREBY ORDERED:

1. The stipulation between Kimball and Jaco is approved.

2. The Kimball Motion to Intervene and the Jaco Rule 42 Motion are terminated with prejudice.

Dated: __12/11/09__

_____
Hon. Phyllis J. Hamilton
United States

